**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| LEON WEEKS | |
| Plaintiff, | Civil Action No.: 4:26-cv-1273-SAL-MGB |
| v. | |
| OTIS ELEVATOR COMPANY | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Leon Weeks ("Plaintiff"), through undersigned counsel, and files this lawsuit against Otis Elevator Company ("Defendant"), and for his Complaint shows the following:

## I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks all declaratory relief, along with punitive and actual damages, attorneys' fees and costs for Defendant's discrimination and retaliation against Plaintiff in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq. and discrimination based on disability and retaliation for engaging in protected activity in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., ("ADA"), and the South Carolina Human Affairs Law ("SCHAL")

3.

On February 18, 2026, Plaintiff received his Notice of Right to Sue from the EEOC.

4.

Therefore, Plaintiff has timely filed his complaint for damages within the 90-day period.

## II.     Jurisdiction and Venue

5.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

6.

Defendant conducts business in and is engaged in commerce in the State of South Carolina. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and because Defendant conducts business in this venue and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.     Parties

7.

Defendant at all relevant times has been an "employer" as defined by the ADA, FMLA, and SCHAL.

8.

Defendant at all relevant times has been an "employer" subject to the ADA, FMLA, and SCHAL.

9.

Plaintiff at all relevant times has been an "employee" covered under the ADA, FMLA, and SCHAL.

10.

Defendant can be served at 101 Corporate Blvd #105, West Columbia South Carolina 29169.

## IV.     <u>Factual Allegations</u>

11.

Plaintiff became employed with Defendant on or around March 8, 2014, at the Florence, South Carolina area site.

12.

Plaintiff has been diagnosed with high blood pressure and Defendant has knowledge of this diagnosis.

13.

On October 29, 2025, Plaintiff had an unexpected medical emergency regarding his high blood pressure in which Defendant called an ambulance to transport him from the job to the hospital.

14.

That same day, Plaintiff's daughter, Lea'nise James, contacted Katrina, Human Resources, to notify Defendant that Plaintiff was in the hospital and in and out of consciousness due to his blood pressure being 303.

15.

Each day forward while in the hospital, Plaintiff continued contact with Human Resources through his daughter.

16.

On November 2 or 3, Plaintiff was released from the hospital and given a doctor's note confirming he was cleared up to work on November 6.

17.

For each day leading up to the November 6 return, Plaintiff went to his medical provider to keep a check on his blood pressure.

18.

On the morning of November 6, his medical provider registered his blood pressure to be in the upper 200s.

19.

Plaintiff immediately texted his supervisor, Ray, to inform him of the news. Ray responded by telling Plaintiff to contact Human Resources, which Plaintiff did that same day.

20.

When Plaintiff contacted Human Resources, he was told he had been terminated because of "no call no show" for the days he was admitted in the hospital.

21.

At no time upon Defendant learning of Plaintiff's medical condition and need for leave, did it inform Plaintiff with required FMLA eligibility and rights

22.

Defendant's termination of Plaintiff closely followed his protected requests and intended use of FMLA-qualifying protected leave.

### COUNTS I & II
### (FMLA INTERFERENCE AND RETALIATION)

23.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

24.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

25.

Plaintiff was an eligible employee under the FMLA.

26.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, when he took

FMLA-qualifying leave for a medical condition known by Defendant, entitling him to all appropriate relief under the statute.

27.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute, when it failed to notify him of his rights under the statute, and when it terminated his employment before he could fully exercise his FMLA rights.

28.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., when it terminated his employment, entitling Plaintiff to relief under the statute.

29.

Defendant terminated Plaintiff because of his need for FMLA leave and/or due FMLA protected work absences. Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and/or retaliation.

30.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which she is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is entitled to liquidated damages.

31.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages

**COUNTS III & IV**
**(DISABILITY DISCRIMINATION AND RETALIATION)**

32.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

33.

Plaintiff is an individual with a disability under the ADA and SCHAL.

34.

Plaintiff engaged in protected conduct under the ADA and SCHAL, when he took leave protected under these statutes, entitling him to all appropriate relief under the statutes.

35.

Defendant retaliated against Plaintiff when it acquired knowledge of Plaintiff's intent to take definite leave under the ADA and SCHAL, and in response terminating Plaintiff's employment, entitling Plaintiff to all appropriate relief under the statutes.

36.

Defendant terminated Plaintiff because of his exercise of rights protected by the ADA and SCHAL. Any reason given for Plaintiff's termination is pretext for unlawful retaliation.

37.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendants' violations of ADA and SCHAL were reckless and Plaintiff is entitled to compensatory and punitive damages.

38.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

## **Prayer for Relief**

Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate, or complete remedy at law.

WHEREFORE, Plaintiff respectfully requests that this Court grant:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which he may be entitled.

Respectfully submitted,

**MORGAN & MORGAN P.A.**
*/s/ Cooper Klaasmeyer*
COOPER KLAASMEYER, ESQ.
Federal Id:      14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5438
Cooper.klaasmeyer@forthepeople.com
teamck@forthepeople.com
**Attorneys for the Plaintiff**

March 23, 2026

Charleston, South Carolina